UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ARBIS,<br><br>   Plaintiff,<br><br>  v.<br><br>SONESTA INTERNATIONAL HOTELS CORPORATION, et al.,<br><br>   Defendants. | Case No. 22-cv-05863-JD<br><br>**ORDER RE REMAND** |

  Plaintiff Paul Arbis alleges that he was held at gunpoint by defendant Michael Chirinos at a hotel owned by defendant Sonesta International Hotels Corporation. Dkt. No. 5 ¶¶ 7-20. The complaint was originally filed in Alameda County Superior Court, named Sonesta as the sole defendant, and asserted state law claims for negligence on the theory that Sonesta failed to implement adequate safety and security procedures at the hotel. Dkt. No. 1-2 ¶¶ 21-34. Sonesta timely removed the action to this Court on diversity jurisdiction grounds. Dkt. No. 1.

  Shortly thereafter, Arbis filed a first amended complaint (FAC). Dkt. No. 5. The FAC names Chirinos as another defendant and alleges state law claims against him for assault, intentional infliction of emotional distress, and false imprisonment. *Id.* On the same day, Arbis asked for the case to be remanded to state court because he and Chirinos are citizens of California. Dkt. No. 6 at 2. The parties do not dispute that Chirinos, if properly joined, would eliminate the Court's diversity jurisdiction. *See id.*; Dkt. No. 13 at 2. Sonesta says the FAC should be stricken and remand denied because Chirinos was joined solely to avoid federal jurisdiction. Dkt. No. 13 at 8.

  The motion for remand is suitable for decision without oral argument under Civil Local Rule 7-1(b). The joinder of Chirinos was proper and precludes diversity jurisdiction. 28 U.S.C. § 1447(e). The case is remanded to the Alameda County Superior Court.

The Court has written extensively on the governing standards, and that discussion is incorporated here. *See Geiss v. Bayer HealthCare Pharms., Inc.*, No. 17-cv-07026-JD, 2019 WL 1239854, at *1-2 (N.D. Cal. Mar. 18, 2019); *Nieves v. Costco Wholesale Corp.*, No 3:22-cv-00977-JD, 2022 WL 5199904, at *1-2 (N.D. Cal. Oct. 5, 2022); *Najera v. Steelhead Fabrication*, No. 14-cv-02070-JD, 2014 WL 4100665, at *1-2 (N.D. Cal. Aug. 20, 2014). In pertinent part, diversity jurisdiction arises when a plaintiff sues a citizen of a different state over an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). An out-of-state defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *Id.* § 1441(a).

The defendant always "bears the burden of overcoming the strong presumption against removal jurisdiction," *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (internal quotation and citation omitted), and any doubt about removal weighs in favor of remand, *see Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014). Principles of federalism, comity, and respect for the state courts also counsel strongly in favor of scrupulously confining removal jurisdiction to the precise limits that Congress has defined. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

Arbis's main point is that a remand is warranted under 28 U.S.C. § 1447(e) because the joinder of Chirinos eliminated diversity jurisdiction. Dkt. No. 6. The removal statute expressly provides that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

"The language of § 1447(e) is couched in permissive terms," and gives the Court broad discretion on the question of joinder. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). The question of a remand is not so situated. *See DeMartini v. DeMartini*, 964 F.3d 813, 819-20 (9th Cir. 2020) ("[I]t is the joinder that is discretionary, not the remand."). In exercising the discretion granted by Congress in Section 1447(e), the Court considers "the potential prejudice to [the plaintiff]," the balance of equities, and whether injustice would occur if joinder were

denied. *Newcombe*, 157 F.3d at 691. Neither the Ninth Circuit nor the Supreme Court have identified any specific factors the Court must take into account under Section 1447(e).

The record establishes that the joinder of Chirinos was warranted. The claims against Chirinos and Sonesta arise from the same factual allegations, *see* Dkt. No. 5 ¶¶ 7-20, and Arbis says that the initial omission of Chirinos as a defendant in the original complaint was due to an oversight by counsel. *See* Dkt. No. 6 at 3. Arbis could proceed separately against Chirinos in state court, but his ability to obtain complete relief would likely be prejudiced by litigating the same incident in two forums. Sonesta, on its part, has not shown that it would prejudiced by proceeding in state court, or that joinder at this time is otherwise unfair or unreasonable. Prejudice to Sonesta is especially unlikely because the case is at a very early stage, and nothing of any substance has happened with respect to responding to the FAC, discovery, or the like. Given the factual allegations of the FAC, *see* Dkt. No. 5 ¶¶ 13-20, Arbis has stated "'facially legitimate'" claims for intentional torts against Chirinos that also support joinder. *See Najera*, 2014 WL 4100665, at *2 (quoting *Righetti v. Shell Oil Co.*, 711 F. Supp. 531, 534-35 (N.D. Cal. 1989)).

The record does not indicate that Arbis unduly delayed the filing of an amended complaint naming Chirinos. The FAC was filed less than one week after the notice of removal. Arbis's motives in adding Chirinos are entirely irrelevant. *See id.* at *2 (declining to "make an inquiry into the plaintiffs' motive for adding a non-diverse defendant" and finding that similar facts justified joinder and remand under Section 1447(e)) (internal quotation omitted).

Consequently, Chirinos was properly joined, and the case is remanded to the Superior Court. *See De Martini*, 964 F.3d at 819 ("[O]nce the diversity-destroying defendant has been joined under that subsection, the district court's only option is to remand.").

**IT IS SO ORDERED.**

Dated: January 10, 2023

JAMES DONATO
United States District Judge

3